```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

JANE DOE                        *

         Plaintiff              *

     vs.                        *   CIVIL ACTION NO. MJG-14-1112

RICHARD SCRIVANI                *
(f/k/a John Doe, No. 110)
                                *
         Defendant
                                *
*    *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: TRANSFER

The Court has before it Defendant's Motion to Transfer Venue Pursuant to 28 U.S. (sic) 1404 [Document 11] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

Plaintiff has filed suit against Defendant Richard Scrivani ("Scrivani") and a substantial number of other persons who allegedly downloaded and viewed photographs of her daughters that constitute child pornography.  These photographs allegedly were taken in Maryland by the girls' father and a colleague ("the Maryland Actors").  The Maryland Actors were convicted in connection with their actions and have been incarcerated since 2008.  The pictures, however, continued to be downloaded, viewed, and exchanged over the Internet.

In the Amended Complaint [Document 2], Plaintiff presents claims under federal law (18 U.S.C. §§ 2252A(f), 2255) and

Maryland state law.  In the Answer to Plaintiff's Complaint [Document 9],[1] Defendant stated in regard to jurisdiction and venue:

> 10. Defendant admits to the subject-matter jurisdiction of this court as to causes of action arising out of federal law, and denies that plaintiff has stated any claims cognizable under supplemental jurisdiction.
>
> 11. Defendant admits to the personal jurisdiction of this court as to causes of action arising out of federal law, and denies personal jurisdiction as to all other allegations by plaintiff[2].
>
> 12. Den[ies that venue is proper in the District of Maryland].[3]

By the instant Motion, Scrivani seeks transfer of the case to the District of New Jersey.

Title 28 U.S.C. § 1404(a) provides, in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .

---

[1]   The document is entitled "Defendant's Answer to Plaintiff's Complaint," but, at the time of filing, the Complaint [Document 1] had been superseded by the Amended Complaint [Document 2].

[2]   The Court is not now resolving any issues that may be presented regarding its personal jurisdiction over Scrivani in regard to the state law claims.

[3]   However, Scrivani does not seek dismissal of the case due to a lack of venue in this Court, apparently recognizing that a substantial part of the events giving rise to the claim occurred in Maryland.

The instant case might have been brought in the District of New Jersey.

A district court is vested with great discretion in determining whether to grant a transfer under § 1404.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). The burden lies with the defendant to show that a transfer is in the interests of justice.  Stratagene v. Parsons Behle & Latimer, 315 F. Supp. 2d 765, 771 (D. Md. 2004).  As the Fourth Circuit has stated, "a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (alteration in original) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

"In deciding whether a motion to transfer should be granted, courts are to consider the following: (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice."  Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

It is not now possible to determine the identity and location of all non-party trial witnesses.  Hence, the relative convenience and expense of a trial in Baltimore vis-à-vis in one

of the Divisions of the District of New Jersey cannot now be determined.  Nor is it possible to determine the effect – if any - of the difference in the trial subpoena range of the two Districts.

In regard to pretrial proceedings, there need be no significant difference between having this case proceed in the District of Maryland or the District of New Jersey.  This Court does not foresee requiring Scrivani to appear in Maryland for any matter prior to trial.  Any non-party witness[4] depositions will be taken in the same location regardless of the district in which the case is pending.  Absent presently unforeseen circumstances, any pretrial proceedings, such a motion hearing, can be conducted with provision for Scrivani's New Jersey counsel to appear by audio or video connection.

The Court finds the instant Motion premature.  As stated by Judge Swygert in Bohnen v. Baltimore & O. C. T. R. Co., 125 F. Supp. 463, 464 (N.D. Ind. 1954):

> Section 1404(a) was drafted in accordance with the doctrine of forum non conveniens and permits the transfer of the cause to another forum if such transfer makes the trial of the case easy, expeditious and inexpensive, that is, more convenient for the parties and witnesses.[5]  Since these are the factors that must be considered, it would seem proper for the Court to rule on

---

[4] The Court will accommodate Scrivani, as may be appropriate, in regard to party witness depositions.
[5] Heller & Co. v. Perry, 7 Cir., 1953, 201 F.2d 525.

4

      the motion to transfer venue only in the event it is decided that a trial is necessary.

Accordingly:

1. Defendant's Motion to Transfer Venue Pursuant to 28 U.S.(sic) 1404[Document 11] is DENIED WITHOUT PREJUDICE to reconsider in light of the circumstances existing when, and if, trial is necessary.

2. The case shall proceed pursuant to the Scheduling Order [Document 10].

SO ORDERED, on Thursday, June 18, 2015.

                                              /s/
                                  Marvin J. Garbis
                            United States District Judge